ORIGINAL

FILED
SEP 25 2003
U.S. COURT OF
FEDERAL CLAIMS

ECF

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

HILL AEROSPACE & DEFENSE, LLC;

LOGISTICAL SUPPORT, LLC

Plaintiffs,

v.

03-2230C

**CASE NO.** __

THE UNITED STATES OF AMERICA,
(concerning Hill Aerospace & Defense, LLC)
DEPARTMENT OF THE AIR FORCE, USAF, TINKER AFB
and Contracting Officers, Mark Ready, Meredith Gentry;
DEPARTMENT OF THE AIR FORCE, USAF, ROBINS AFB,
and Contracting Officer, Vanessa Golden;
DEPARTMENT OF THE AIR FORCE, USAF, HILL AFB,
and Contracting Officers, Dirk Williams, Joan Waggoner,
Kathryn Goss, Michael McDonough;
DEPARTMENT OF THE ARMY, US ARMY, TACOM,
and Contracting Officers, James Nelson, Ronald Kraus;
DEPARTMENT OF THE ARMY, US ARMY, AMCOM, and
Contracting Officers, Betty Jones, Castene Bashem,
Dana Holmes, Debra Scruggs, Evelyn Kelly, Jeanie Clark,
Karen Balch, Pamela Myres;
DEFENSE SUPPLY CENTER RICHMOND,
DSCR PROCUREMENT, and Contracting Officers, Carl Hudson,
Gloria Allen, Michael Wisk,

(and concerning Logistical Support, LLC):
DEPARTMENT OF THE ARMY, US ARMY, AMCOM,
and Contracting Officers, LaVerne Askew, Karen Balch,
James Lang, Evelyn Kelley;
DEFENSE SUPPLY CENTER RICHMOND, and Contracting Officers,
Carl Hudson, Gwendolyn Simmons, Caroline Rowe.

Defendants.

**COMPLAINT**

Plaintiff, Hill Aerospace & Defense, LLC, and plaintiff, Logistical Support LLC, being hereinafter referred to as HA&D and LS, complain of defendants:

(concerning Hill Aerospace and Defense LLC):
Department of the Air Force, USAF, Tinker AFB and Contracting Officer, Mark Ready, F34601-02-C-3C78; F34601-03-C-0457, and Contracting Officer, Meredith Gentry, F34601-03-C-0103;
Department of the Air Force, USAF, Robins AFB, and Contracting Officer, Vanessa Golden, F09603-03-C-0250;
Department of the Air Force, USAF, Hill AFB, and Contracting Officer, Dirk Williams, F42630-02-C-0124; and Contracting Officer, Joan Waggoner, F42620-02-C-0007; and Contracting Officer, Kathryn Goss, F42630-02-C-0283; F42630-02-C-0275; and Contracting Officer, Michael McDonough, F42630-01-C-0298; F42630-02-C-0158; F42630-03-M-0040;
Department of the Army, US Army, TACOM, and Contracting Officer, James Nelson, DAAE07-03-D-N037/0001; and Contracting Officer, Ronald Kraus, DAAE07-03-D-N097/0002;
Department of the Army, US Army, AMCOM, and Contracting Officer, Betty Jones, DAAH23-01-C-0274; and Contracting Officer, Castene Bashem, DAAH23-02-P-0741; and Contracting Officer, Dana Holmes, DAAH23-03-D-0005/0002; and Contracting Officer, Debra Scruggs, DAAH23-01-C-0311; DAAH23-02-D-0025/0001; DAAH23-01-D-0283/0002; DAAH23-03-D-0018/0001; DAAH23-02-D-0275/0001; DAAH23-02-D-0257/0002; DAAH23-01-D-0283/0003; and Contracting Officer, Evelyn Kelly, DAAH23-02-D-0132/0001; and Contracting Officer, Jeanie Clark, DAAH23-02-D-0178/00012; and Contracting Officer, Karen Balch, DAAH23-03-P-0860; and Contracting Officer, Pamela Myres, DAAH23-03-D-0005/0001;
Defense Supply Center Richmond, DSCR Procurement, and Contracting Officer, Carl Hudson, SP0475-02-M-9932; SP0475-02-M-9933; and Contracting Officer, Gloria Allen, SP0470-03-D-0024/001Z; and Contracting Officer, Michael Wisk, SP0470-03-D-0152/001Z; SP0470-03-D-0152/002Z;

(and concerning Logisticial Support LLC):
Department of the Army, US Army, AMCOM, and Contracting Officer, LaVerne Askew, DAAH23-99-C-0014; DAAH23-99-C-0205; and Contracting Officer, Karen Balch, DAAH23-03-D-0326/0001; and Contracting Officer, James Lang, DAAH23-01-D-0068/0004; and Contracting Officer, Evelyn Kelley, DAAH23-00-D-0119/0001; DAAH23-00-D-0119/0002; DAAH23-00-D-0119/0003; DAAH23-00-D-0119/0004;
Defense Supply Center Richmond, and Contracting Officer, Carl Hudson, SP0475-02-C-1455; SP0475-02-M-DD85; SP0475-02-M-2353; SP0475-02-D-0049/0002 ; SP0475-01-C-1225; Sp0475-02-D-0049/0001; and Contracting Officer, Gwendolyn Simmons, SP0460-01-C-0279; and Contracting Officer, Caroline Rowe, SP0480-02-C-1045.

and for their claims for relief against defendants states as follows:

## I.
## NATURE OF ACTION

1. This is an action to correct the failure of each of the Contracting Officers to make progress payments to each of the plaintiffs under the contracts listed.

2. This is an action to correct the dissemination by the ACO, DCMA, DCAA and the Contracting Officers of incorrect and misleading information to various governmental agencies, concerning each of the plaintiffs financial capability and performance ability on existing government contracts and solicitation bids.

3. The Government breached the contract with HA&D and LS by refusing to make progress payments as per the contracts.

4. The Government acted in bad faith by disseminating false financial and other information on the capabilities of HA&D and LS to perform their contracts.

5. The Government breached the contract by interfering with performance of the contract and by HA&D and LS's ability to pay their subcontractors and suppliers.

6. The Government acted in bad faith when they refused to honor the audit report made by DCAA which did not give sufficient reasons for withholding progress payments and for not making progress payments.

7. Each of the Government's actions were arbitrary, capricious, and an abuse of

discretion and otherwise not in accordance with law and the contract.

8. Each of the ACO's, CO's, DCMA and DCAA actions and inactions are affecting all of the 51 government contracts being performed by both plaintiff, Hill Aerospace and Defense, LLC, and by plaintiff, Logistical Support, LLC.

## II.
## PARTIES

9. Plaintiff, Hill Aerospace LLC is a limited liability company under the laws of the State of California with its headquarters in Chatsworth, California, and plaintiff, Logistical Support LLC, is a limited liability company under the laws of the State of California with its corporate headquarters in Chatsworth, California. Hill Aerospace and Defense LLC and Logistical Support LLC are currently performing on 51 government contracts. These contracts are under the same ACO, with 26 different contracting officers on three separate Air Force Bases, two US Army divisions, and the Defense Supply Center Richmond.

## III.
## JURISDICTION

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1).

## IV.
## VENUE

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1491(a)(1).

## V.
## FACTUAL BACKGROUND

12. In February 2003, the Contracting Officer from the Department of the Air Force, Hill

Air Force Base verbally informed plaintiffs, HA&D and LS that they received negative past performance information from DCMA Van Nuys and that DCMA recommended a preaward survey before issuing a contract award to HA&D and LS. The item of the solicitation had been manufactured and delivered by HA&D and LS on two previous contract awards. A preward survey was conducted by DCMA Van Nuys and a "NO AWARD" recommendation was made.

13. In March of 2003, HA&D and LS executives were requested for an urgent meeting with the AMCOM's Acquisition Center staff to defend themselves against negative financial information given by the ACO and obtained from the Preaward Survey Monitor. This information was given by the ACO after AMCOM's agreeing to incorporate progress payments on "Overhaul and Repair" contracts to which the ACO strongly objected. Correspondence between HA&D and LS and the ACO had been submitted to Commander Rainwater, DCMA Van Nuys, at the meeting on April 1, 2003. It would appear by his conduct that the ACO had strong personal feelings regarding this matter. His negative personalized feelings were voiced to members of AMCOM's Acquisition Staff. This matter was further brought to Commander Rainwater's attention at the meeting of April 1, 2003.

14. After the meeting on April 1, 2003, a subsequent meeting was to be scheduled with the Commander and the ACO team to resolve problems and discuss the results of the DCAA audit. Due to scheduling problems, the Commander and the Operations Chief could not attend this meeting. Instead, HA&D and LS was told that in their place would be David Trout. On June 23, 2003, a conversation took place between David Will, Bruce Littell, and David Trout of DCMA to set up the meeting date and its agenda. Notes were taken during this conversation, which are attached.

15. Negative Preaward Survey information was the result of a desk audit. When discussed at the meeting of July 10, 2003 the information that seemed to influence the analyst was that which was obtained from Dun & Bradstreet. When asked the reason why HA&D and LS was not requested to respond to this negative and incorrect information, the Preaward Financial Analyst told HA&D and LS that was not his job.

16. Despite the fact that a DCAA audit requested by the ACO had been performed in February and March of 2003, with findings of minor deficiencies, the ACO has neither denied nor processed 14 pending progress payments requests. These progress payment requests date back to April 10, 2003. Instead, the ACO continues to search for reasons to deny progress payments.

17. At a meeting between the ACO's team and HA&D and LS on July 10, 2003, the ACO notified HA&D and LS that the ACO was no longer going to allow progress payments for advance payments authorized by the contracting officer, which were required by suppliers and that he unilaterally changed the terms and conditions of HA&D and LS contracts by changing his policy to allowing progress payments only on an "incurred cost" basis Any unilateral change that effects the terms and conditions of a contract payment schedule must give consideration to the contractor in return for this modification. Such a modification to a contract can only be done bilaterally. Unilateral modifications are only effective for purely administrative changes. This change in policy is a modification to the terms and conditions of each contract in which the progress payment clause is included. Further this sudden change in policy effects the vendor relationships and HA&D and LS's ability to plan for production on its contracts, which in turn could cause HA&D and LS substantial financial damages.

18. Having full knowledge that a portion of the existing14 progress payments would now be disallowed by applying the ACO's new policy the ACO then notified HA&D and LS that he was requiring that another DCAA audit be performed using "incurred costs" as a basis. Under normal circumstances when a Government agency makes changes to the payment terms of a contract, a phase-in period is provided. Barring this phase-in period the contractor is going to incur substantial financial damages.

19. On July 23, 2003, Hill Air Force Base informed HA&D and LS that they received adverse past performance data from DCMA Van Nuys, and listed the adverse data. Upon review, it was found that the information given by the DCMA was incorrect and misleading. HA&D and LS submitted a response to the HAFB contracting officer presenting the accurate information.

20. In July 2003, Hill Aerospace / Logistical Support had two meetings DCMA Van Nuys, one which was attended by Commander Jim Rainwater. However, no progress payments have been made to date.

A. <u>DCAA and DCMA Audit Reports</u>

21. The only discrepancy that the DCAA auditor had with Hill Aerospace was "when a material cost occurred in advance of receipt of shipments was improperly classified no other conditions were noted". Hill Aerospace corrected the condition and responded to DCAA. The auditor responded to Hill Aerospace response by saying "contractor's response is in line with DCAA's recommendation".

22. Logistical Support audit had two minor concerns 1) "lack of written policies for

computing G&A rate," and 2) "material costs occurred in advance of receipt of shipments." No other conditions were noted. Again, Logistical Support has satisfied both conditions in response to DCAA audit. It should also be noted that the auditors comments to both of Logistical Support responses were identical: "contractors response is in line with DCAA's recommendation". Only minor discrepancies have been pointed out by any government agency at this point.

23. The DCMA manual further states that if deficiencies are found during reviews, "the ACO shall determine whether satisfactory performance of the contract is probable and how progress payments are to be managed. Prior to approval for any progress payments the ACO shall require the supplier to correct critical deficiencies." "For minor problems, the supplier shall supply an estimated date of how and when a correction will be accomplished or prevented from affecting contract performance prior to the approval of payment." FAR 32.503-6. HA&D and LS has corrected all the minor problems that the DCAA auditor has identified.

24. DCMA has never provided any information to HA&D and LS on any deficiencies, either critical or minor in scope.

## VI.
## CAUSES OF ACTION

### Count One

### Breach of Contract

**A. The Government through its authorized representatives, the Contracting Officers, have breached each of the contracts by failing to make progress payments.**

25. HA&D and LS re-alleges and incorporates by reference paragraphs 1-24 above as though set forth in full.

26. The Government through its authorized representatives, the Contracting Officers, breached the contract by failing to provide progress payments as contractually required.

27. The Contracting Officers have failed to review the ACO's actions in not allowing progress payments to HA&D and LS as contractually allowed under their contracts.

28. DCMA has withheld 14 of HA&D and LS's progress payments. This has resulted in serious consequences to HA&D and LS. Neither DCMA, nor any of HA&D and LS's Contracting Officer's have notified HA&D and LS of the suspension of their progress payments. The Boards have held that the Government is liable when it withholds progress payments without giving notice to the contractor. Further the Government must allow HA&D and LS to respond to DCMA's unsubstantiated allegations of why progress payments are being suspended.

29. It is not the ACO's duty to determine whether or not a contract should include a progress payment clause. The contracting officer is the only one with authority to include such a clause. As stated in the DCMA manual, Sec. 3.3.1.1, "the ACO shall determine whether the progress payment clause is in the contract and ascertain the presence of other special considerations and contract clauses which will impact progress payments". FAR 32.5. HA&D and LS's ACO has breached FAR 32.5 by attempting to override HA&D and LS's contracting officer's decision to allow the progress payment clause in contracts-DAAH23-00-D-0119, DAAH23-02-D-0178, DAAH23-02-D-0132 and F34601-02-C0378.

30. The DCMA manual states, "before authorizing the first progress payment, the ACO shall assess supplier's overall capability to perform considering the accuracy of supplier's

management systems to calculate progress payments." The ACO's evaluation of the supplier's overall capability shall include financial capability, adequacy of accounting system and controls, past performance, experience, quality of management and reliability. It is evident from the past history of DCMA's payment of progress payments to HA&D and LS that the ACO has been satisfied with all of HA&D and LS's evaluation criteria, up to the last paid progress payment. There has been no significant change in any of the above except for the further injection of working capital by the owner and greater profitability by the companies stated evaluation criteria since the last payment or DCMA's last evaluation.

31. The Progress Payment Clause at FAR 52.232-16 states that "payment shall be made when requested by the contractor as the work progresses, but not more frequently than monthly." Further FAR 32.906 permits agencies to set the time for payment not earlier than 7 days but not later than 30 days after receipt of a proper request. Any payment beyond 30 days is in direct violation of the Prompt Payment Act. To date the Government has not rejected HA&D and LS's requests for progress payments and has considered all invoices to be proper.

**Count II**

**A. <u>Violation of the Prompt Payment Act 31 USC §3903(a)(6)(A)</u>**

32. HA&D and LS re-alleges and incorporates by reference paragraphs 1- 31 above as though set forth in full.

33. A progress payment is an invoice that bestows the contractor with the rights and remedies under the Prompt Payment Act, 31 USC §3903(a)(6)(A) and the Government has violated the Prompt Payment Act.

34. When a progress payment clause is part of a Government contract, and the Government fails to make a progress payment on time, the Government has materially breached the contract.

35. When a progress payment clause is part of a Government contract, and the Government fails to make a progress payment on time, the Government has materially breached the contract.

**Count III**

**B. Violation of Prompt Payment Act by failing to give written findings**

36. HA&D and LS re-alleges and incorporates by reference paragraphs 1- 35 above as though set forth in full.

37. The ACO has failed to inform the Contracting Officers and the contracting officers have not prepared written findings substantiating the suspension of progress payments, nor did they notify HA&D and LS of any proposed action, nor did they provide an opportunity for discussions. FAR 52.503 is clear that the contractor must be notified for proposed actions, thus meaning before the progress payments are stopped, DCMA is in violation of the FAR.

38. In the only instance (AMCOM) where a contracting officer was notified, the contracting officer has given HA&D and LS the opportunity to defend such a proposed action. The contracting officer found no reason to stop progress payments. The ACO is trying to trump the authority of the contracting officer's decision to allow progress payments. The contracting officer also determined that the contract was not in jeopardy and it was clear that there was no substantial evidence to support a suspension of progress payments. After the discussion with the

contracting officer, he asked us if we were having any personal conflicts with the ACO.

39. When a contracting officer has not fully investigated the contractor's financial situation, or has not properly interpreted the progress payment clause, the relief for suspension of progress payments and costs for the delay of the contractor have been granted.

40. DCMA's constructive suspension of progress payments to HA&D and LS is a material breach of all HA&D and LS's contracts containing prompt payment clauses. The Government has failed to give HA&D and LS any notice of any minor or critical deficiencies and has not allowed, HA&D and LS the opportunity to address concerns of DCMA. Thus the Government has breached numerous contracts with HA&D and LS.

**Count IV**

**Each of the Government Agencies and Contracting Officers have acted in bad faith by withholding progress payments and thus causing delays in performance which are excusable delays to the Contractor.**

41. HA&D and LS re-allege and incorporates by reference paragraphs 1-40 above as though set forth in full.

42. The Government caused serious delays by not making progress payments, and hence these delays are excusable delays. These delays have affected contract performance.

43. The progress payment clause allows the contracting officer the right to reduce or suspend payments. FAR 32.503-6 instructs the contracting officer not to use this authority without preparing written findings substantiating its use, notifying the contractor of the proposed

action, and providing an opportunity for discussion.

44. For these reasons, the Government's actions and inactions were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

Damages

45. Plaintiff, Hill Aerospace and Defense, LLC and plaintiff, Logistical Support LLC, have been seriously damaged by the actions, omissions, delays, withholding of progress payments, bad faith, dissemination of false and misleading information by each and every defendant government agency, contracting officer, ACO, DCAA and DCMA.

46. The extent of the damages to plaintiffs have yet to be fully determined as the damage, actions, omissions, delays, withholding of progress payments, bad faith, and dissemination of false and misleading information continues to affect both plaintiffs.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Hill Aerospace and Defense, LLC and Plaintiff, Logistical Support, LLC, pray that this Court grant the following relief:

47. Award damages to the plaintiffs and finding that each of the defendants acted in bad faith and breached their respective contracts, and

48. A Order directing the Contracting Officers to make past progress payments, and to continue making progress payments until the performance of each and every contract is complete,

49. A Order directing the DCMA and DCAA and the Contracting Officers to correct any and all information concerning the financial capability of HA&D and LS, concerning the

performance and delivery capabilities of HA&D and LS, and any and all other information that is incorrect, misleading or misrepresents HA&D and LS,

50. An Order directing DCMA, DCAA and the Contracting Officers to delete any red flags concerning HA&D and LS from the system or systems where it gives an alert to potential agencies concerning HA&D and LS as a bidder on solicitations,

51. Damages in an amount to make HA&D and LS whole and rehabilitated from the damage caused by the separate Contracting Officers,

52. An Order awarding HA&D and LS its costs and reasonable attorneys fees in connection with this action, and

53. An Order granting such other and further relief as the Court deems necessary, just and proper.

Hill Aerospace & Defense LLC
Logistical Support LLC

By: ____________________
Cynthia Malyszek

Malyszek & Malyszek
10100 Santa Monica Blvd.
Suite 800
Los Angeles, CA 90067
Phone: 310-772-2266
Fax: 310-772-2265

Counsel of Record for
Hill Aerospace & Defense LLC, and
Logistical Support LLC

Dated: September 22, 2003

## CERTIFICATE OF SERVICE

I, Cynthia Malyszek, certify that I have served a copy of the attached Complaint upon each defendant, by placing a copy in a U.S. Mail depository on this date to the below addresses as follows:

Department of the Air Force, OC-ALC/LAD-135, Tinker AFB, Contracting Officer, Mark Ready, 3001 Staff Drive, Bldg 3001, Ste 2AG87A, Tinker AFB, OK 73145-3020

Department of the Air Force, OC-ALC/LGK, Tinker AFB, Contracting Officer, Meredith Gentry, 3001 Staff Drive, Bldg 3001, Ste 2AG87A, Tinker AFB, OK 73145-3020

Department of the Air Force, USAF, Robins AFB, Contracting Officer, Vanessa Golden, Special Operations Forces, Contracting Division, WR-AIC/LUKB, 226 Cochran Street, Robins AFB, GA 31098-1622

Department of the Air Force, Contracting Officer, Dirk Williams, Directorate of Contracting, OO-ALC/LIK Bldg 1215, 8050 Gum Lane, Hill Air Force Base, UT 84056-5825

Department of the Air Force, Contracting Officer, Joan Waggoner, OO-ALC/LIK, BLdg 1215, 6072 Fir Avenue, Hill Air Force Base, UT 84056-5820

Department of the Air Force, Contracting Officer, Kathryn Goss, OO-ALC/LGKAA, BLdg 1233, 6050 Gum Lane, Hill Air Force Base, UT 84056-5825

Department of the Air Force, Directorate of Contracting, Contracting Officer, Michael McDonough, OO-ALC/LIK Bldg 1215, 6050 Gum Lane, Hill Air Force Base, UT 84056-5825

Department of the Army, US Army, TACOM, Contracting Officer, James Nelson, AMSTA-AQ-AHPA, Warren, MI 48397-5000

Department of the Army, US Army, TACOM, Contracting Officer, Ronald Kraus, AMSTA-AQ-AHPA, Warren, MI 48397-5000

Department of the Army, US Army, AMCOM, Contracting Officer, Betty Jones, United States Army Aviation and Missile Command, AMSAM-AL-LS-C, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Castene Bashem, United States Army Aviation and Missile Command, AMSAM-AL-LS, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Dana Holmes, United States Army Aviation and Missile Command, AMSAM-AL-LS, Redstone Arsenal, AL 35898-5280
Department of the Army, US Army, AMCOM, Contracting Officer, Debra Scruggs, United States Army Aviation and Missile Command, AMSAM-AL-LS-U, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Evelyn Kelley, United States Army Aviation and Missile Command, AMSAM-AL-LS-M, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Jeanie Clark, United States Army Aviation and Missile Command, AMSAM-AL-LS-M, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Karen Balch, United States Army Aviation and Missile Command, AMSAM-AL-LS-C, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Pamela Myres, United States Army Aviation and Missile Command, AMSAM-AL-LS-C, Redstone Arsenal, AL 35898-5280

Defense Supply Center Richmond, DSCR Procurement, Contracting Officer, Carl Hudson, 8000 Jefferson Davis Highway, Richmond, VA 23297

Defense Supply Center Richmond, DSCR Procurement, Contracting Officer, Gloria Allen, 8000 Jefferson Davis Highway, Richmond, VA 23297

Defense Supply Center Richmond, DSCR Procurement, Contracting Officer, Michael Wisk, 8000 Jefferson Davis Highway, Richmond, VA 23297

Department of the Army, US Army, AMCOM, Contracting Officer, LaVerne Askew, United States Army Aviation and Missile Command, AMSAM-AC-LS-T, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Karen Balch, United States Army Aviation and Missile Command, AMSAM-AC-LS-T, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, James Lang, United States Army Aviation and Missile Command, AMSAM-AC-LS-A, Redstone Arsenal, AL 35898-5280

Department of the Army, US Army, AMCOM, Contracting Officer, Evelyn Kelley, United States Army Aviation and Missile Command, AMSAM-AC-LS-T, Redstone Arsenal, AL 35898-5280

Defense Supply Center Richmond, Contracting Officer, Gwendolyn Simmons, DSCR

Procurement, 8000 Jefferson Davis Highway, Richmond, VA 23297

Defense Supply Center Richmond, Contracting Officer, Caroline Crenshaw, DSCR Procurement, 8000 Jefferson Davis Highway, Richmond, VA 23297

Defense Supply Center Richmond, Contracting Officer, Caroline Rowe, DSCR Procurement, 8000 Jefferson Davis Highway, Richmond, VA 23297

September 23, 2003

Cynthia Malyszek