IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HILL AEROSPCE & DEFENSE, LLC, )
and LOGISTICAL SUPPORT, LLC, )
)
Plaintiffs, )
)
v. ) No. 03-2230C
)
THE UNITED STATES, ) (Judge Williams)
)
Defendant. )

DEFENDANT'S MOTION TO DISMISS

Pursuant to RCFC 12(b)(1), the defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of jurisdiction.

In summary, the complaint appears to allege contracts subject to the Contract Disputes Act, 41 U.S.C. § 601 et seq., ("CDA"). See Complaint, ¶ 1 (reference to "Contracting Officers").[1] However, no claim is alleged to have been submitted to any contracting officer, and no final decision is alleged to have been issued. Thus, the plaintiffs have failed to meet the CDA's conditions precedent for jurisdiction in this Court. 41 U.S.C. §§ 605, 609.

I. The Jurisdiction Of The United States Court Of Federal Claims Is Limited

Like its predecessor, the United States Court of Claims, this is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984), aff'd, 758 F.2d 665

---

1 "Complaint" means the complaint filed in this action on September 25, 2003.

(Fed. Cir. 1984) (unpublished). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. United States v. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Pursuant to this statute, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

This statute does not create any substantive right of recovery against the United States for money damages. United States v. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, the statute merely confers jurisdiction upon the Court whenever the substantive right exists. United States v. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 104 S. Ct. 1414 (1984). Thus, unless alleging a contract claim, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, which can fairly be construed as mandating compensation, to state a claim within the jurisdiction of this Court. United States v. Mitchell, 445 U.S. at 538; United States v. Connolly, 716 F.2d at 885.

In the case of contracts subject to the CDA, this Court lacks jurisdiction to consider a claim unless the contractor has first submitted the claim in writing to the contracting officer. 41 U.S.C. § 605(a); 41 U.S.C. § 609(a); James M. Ellett Construction Company v. United States, 93 F.3d 1537, 1341-42 (Fed. Cir. 1996).

II. The Plaintiffs Have Failed To Allege Facts Sufficient To Demonstrate Jurisdiction

Although the complaint does not specifically identify any contract, it appears that plaintiffs allege contract claims based

upon contracts subject to the CDA. The CDA applies to contracts for:

> (1) the procurement of property, other than real property;
>
> (2) the procurement of services;
>
> (3) the procurement of construction, alteration, repair or maintenance of real property, or,
>
> (4) the disposal of personal property.

41 U.S.C. § 602(a). In paragraph 13 of the complaint, the plaintiffs refer to "Overhaul and Repair" contracts. It appears that the contract claims alleged fall within the scope of the CDA.

It is the burden of the plaintiffs to prove by a preponderance of the evidence the facts that demonstrate jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942); Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). It is unlikely that plaintiffs can meet the burden of proving facts sufficient to establish jurisdiction over its CDA claims. In any event, in the complaint, the plaintiffs have failed to even allege such facts.

For this Court to possess jurisdiction, the conditions set forth in both section 605 and section 609 must be met:

> Thus, for the court to have jurisdiction under the CDA, there must be both a valid claim . . . and a contracting officer's decision on that claim.

James M. Ellett Construction Company v. United States, 93 F.3d at 1541-42.

The first requirement is that a claim be submitted in writing to the contracting officer by the prime contractor:

> All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

41 U.S.C. § 605(a) (emphasis added).

In this case, the plaintiffs have failed to allege that either plaintiff has submitted any claim with respect to any contract to any contracting officer. Thus, neither plaintiff has alleged sufficient facts to establish jurisdiction over any claim – much less alleged facts sufficient to demonstrate jurisdiction over the broad subject matter of the complaint (which appears to relate to many contracts).

We do not believe that the plaintiffs have merely filed a defective pleading by omitting relevant information; it is our understanding that the conditions for jurisdiction have not been met. We are not aware of any relevant claim filed by either plaintiff.

CONCLUSION

For the reasons stated above, we respectfully request that the complaint be dismissed for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER

Assistant Attorney General

DAVID M. COHEN
Director

S/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

November 10, 2003

CERTIFICATE OF FILING

I hereby certify that on November 10, 2003, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier